IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JOSHUA E. LANGE, | ) |
| Petitioner, | ) |
| v. | ) Case No. 19-CV-2302-JES |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**GOVERNMENT'S OPPOSITION TO PETITIONER'S
MOTION FOR EXTENSION OF TIME AND MOTION TO DISMISS PETITION**

The United States, for its opposition to the defendant's motion for extension of time to file a motion under 28 U.S.C. § 2255 (R. 1), states:

1. Petitioner Joshua E. Lange has filed a perfunctory habeas petition under 28 U.S.C. § 2255 and seeks an order from this Court extending the one-year limitations period of 28 U.S.C. § 2255(f) to "properly submit a complete petition." R.1 at 1.

2. Congress enacted the strict time limits in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) to advance the finality of criminal convictions. *Rhines v. Weber*, 544 U.S. 269, 276, 125 S.Ct. 1528, 1534, 161 L.Ed.2d 440 (2005). While a district court is authorized to consider whether equitable tolling makes untimely *filed* Section 2255 motion timely, *see, e.g., Lombardo v. United States*, 860 F.3d 547, 551-52 (7th Cir. 2017), the government is unaware of any authority that authorizes a court to grant a *pre-filing* extension of the congressionally-mandated limitations period found in Section 2255(f).

3. Further, this Court does not have the authority to extend the deadline for filing a Motion under § 2255 except for those instances which Congress expressly authorized. *Paschal v. United States*, No. 01 C 4959, 2003 WL 21000361, at *2 (N.D. Ill. May 1, 2003) (collecting cases); *United States v. Miller*, No. 06-CR-20080, 2008 WL 4541418, at *1 (C.D. Ill. Oct. 9, 2008).

4. Additionally, Lange's motion fails to comply with the procedural requirements of the statute. Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a § 2255 motion must (1) "specify all grounds for relief available to the moving party," (2) "state the facts supporting each ground," (3) "state the relief requested," (4) "be printed, typewritten, or legibly handwritten," and (5) "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." At a minimum, Lange's motion fails to comply with subsections 2 and 5.

5. Lange's motion fails to comply with Rule 2(b)(2) because there are no facts alleged in the motion that would support the petitioner's claims." R. 1 at 1-2. *See, e.g., Ellzey v. United States*, 324 F.3d 521, 523-24 (7th Cir. 2003) (Rule 2 requires fact pleading), *abrogated on other grounds by Mayle v. Felix*, 545 U.S. 644 (2005).

6. Lange's motion fails to comply with Rule 2(b)(5) because the petitioner failed to sign the motion under oath.

7. For these reasons, this Court should dismiss Lange's § 2255 motion without prejudice with leave to file an amended § 2255 motion within the statute of limitations of the AEDPA. *See* 2004 commentary to Rule 2 (Committee expressing its view that the

"better procedure" is to "require the moving party to submit a corrected motion that conforms to Rule 2(b).")

8. By requesting that this Court grant the petitioner leave to file an amended § 2255 motion, the government does not concede that any such motion shall relate back to date of the original motion for purposes of § 2255(f)'s one-year limitation period. *See generally Felix*, *supra*.

For the reasons stated herein, this Court should (1) dismiss his improperly filed motion, (2) deny Lange's motion for extension of time, but (3) grant him leave to timely file an amended petition that conforms with the statutory requirements, and (4) grant him leave to make an equitable tolling argument should he file his Section 2255 motion beyond the one-year limitations period.

        JOHN C. MILHISER

        *United States Attorney*

    By:  /S/ELLY M. PEIRSON
        *Assistant United States Attorney*
        *IL Bar No. 6298075*
        *201 S. Vine Street, Suite 226*
        *Urbana, Illinois 61802*
        *Telephone: (217) 373-5875*
        elly.peirson@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on November 7, 2019, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within three calendar days, to the following non-CM/ECF participant(s):

Joshua E. Lange
Reg. No. 22251-026
United States Penitentiary
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47808

/s/ ELLY M. PEIRSON
*Assistant United States Attorney*