UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JOSHUA E. LANGE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 19-cv-2302-JES |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Now before the Court is Petitioner Joshua E. Lange's *pro se* "preliminary" Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1). In his Motion, Petitioner requests a 90-day extension of time to "properly submit a complete petition." Because the Court concludes that it does not have authority to grant this relief, Petitioner's request is DENIED. Furthermore, because Petitioner's "preliminary" § 2255 Motion does not comply with the Rules Governing Section 2255 Proceedings, his Motion (Doc. 1) is DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND.

## DISCUSSION

In 1996, Congress enacted the Antiterrorism and Death Penalty Act (AEDPA) "to advance the finality of criminal convictions." *Mayle v. Felix,* 545 U.S. 644, 662 (2005) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). AEDPA created a strict one-year period of limitations for motions under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f); *see also Mayle,* 545 U.S. at 662-64 (holding that unrelated claims in an amended petition filed after the one-year deadline did not relate back to the date of the original petition, and thus was untimely). The Court may, in

exceptional circumstances, find equitable tolling appropriate and deem an untimely motion as timely. *See*, *e.g., Lombardo v. United States*, 860 F.3d 547 (2017) (finding that exceptional circumstances did not exist where postconviction counsel was ineffective for miscalculating the statute of limitations).

However, courts appear to agree that "a district court does not have the authority to extend the deadline for filing a Motion under § 2255 except for those instances which Congress expressly authorized." *United States v. Crawford*, No. 07-CR-20106, 2009 WL 1329141, at *1 (C.D. Ill. May 11, 2009) (citing *Pashcal v. United States,* 2003 WL 21000361, at * 2 (N.D. Ill 2003) (citing cases)). This distinction means that the rare Petitioner that meets the showing of exceptional circumstances permitting equitable tolling, must first file a substantive § 2255 motion before the Court can address whether the motion is timely and whether equitable tolling is warranted. *See*, *e.g., Green v. United States,* 260 F.3d 78 (2d Cir. 2001) ("[A] district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period.").

Here, while Petitioner has submitted a filing entitled "Petition for relief under 28 U.S.C. § 2255," he has not submitted a substantive § 2255 motion. Rather, Petitioner has filed a skeleton of § 2255 Motion, without any factual allegations behind his grounds for relief. For example, as grounds 1 and 2, he merely states: "failure to challenge the indictment" and "failure to suppress evidence." This Motion does not comply with Rule 2 of the Rules Governing Section § 2255 Proceedings. Specifically, the Motion does not state the facts supporting each ground for relief, *see* Rule 2(b)(2), and is not signed under penalty of perjury by the movant or by a person authorized to sign it for the movant, *see* Rule 2(b)(5). Accordingly, while the Court

may consider granting an extension of time to file a more thorough § 2255 motion when a petitioner has already filed a motion that contains his basic factual grounds for relief, Petitioner has not done so here.

Moreover, it is unlikely that Lange will be able to show exceptional circumstances warranting equitable tolling—although the Court declines to rule conclusively on this issue on the record before the Court now. Lange states that he had an attorney "withdraw his commitment at a late date," and while he "is attempting to find assistance with a prison law clerk," the "facility experiences frequent lockdowns." While Lange has provided no additional details regarding his attorney's withdrawal, the fact of his attorney's withdrawal was known at least by the time he mailed in his October 30, 2019 filing (Doc. 1). As Petitioner notes in his Petition, the Judgment in his criminal case was entered on November 14, 2018, and became final after Petitioner did not appeal. Accordingly, Petitioner did (and does should he act quickly) still have sufficient time to file a § 2255 Motion within one-year of the date his conviction became final even in lieu of his attorney's withdrawal. Moreover, while Petitioner cites frequent lockdowns at his prison facility, it is unlikely lockdowns qualify as exceptional circumstances. *See, Crawford*, 2009 WL 1329141 at *1 (finding frequent lockdowns did not qualify as exceptional circumstances where petitioner was still able to send a letter and memorandum to the Court); *United States v. Harris*, No. 15-CV-5292, 2016 WL 3551667, at *2 (N.D. Ill. June 29, 2016) (noting that "conclusory statements are not enough to warrant equitable tolling," and finding that periodic lockdowns did not excuse the petitioner's delay).

Accordingly, the Court finds that it does not have the authority to grant Petitioner's requested extension of time to file a "proper" § 2255 motion. Additionally, as explained above, Petitioner's Motion does not comply with Rule 2 of the Rules Governing Section § 2255

Proceedings. The Seventh Circuit instructs that when a § 2255 motion does not comply with Rule 2 "the better practice is to give a petitioner an opportunity to conform his petition to procedural requirements." *Kafo v. United States*, 467 F.3d 1063, 1069 (7th Cir. 2006) (citing *Rules Governing Section 2255 Proceedings for the United States District Courts,* Rule 2, 2004 Amendments, advisory committee's note). Therefore, as suggested by the Government, the Court will dismiss Petitioner's § 2255 motion (Doc. 1) without prejudice. Petitioner is instructed to file a § 2255 Motion that complies with Rule 2 of the Rules Governing Section 2255 Proceedings.

## CONCLUSION

For the reasons stated above, Petitioner's request for a 90-day extension of time to file a proper § 2255 Motion is DENIED. Furthermore, because Petitioner's "preliminary" § 2255 Motion does not comply with the Rules Governing Section 2255 Cases, his Motion (Doc. 1) is DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND. The Clerk is DIRECTED to send Petitioner a § 2255 packet.

Signed on this 12th day of November 2019.

*/s/ James E. Shadid*
James E. Shadid
United States District Judge